UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN M. LEE and NATASHA L. LEE,<br><br>              Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY; BANK OF AMERICA N.A.; OTAY RANCH THREE COMMUNITY ASSOCIATION<br><br>              Defendants. | Case No.:  19cv1268 JAH-MSB<br><br>**ORDER:**<br><br>**1. DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND;**<br><br>**2. DISMISSING COMPLAINT WITHOUT PREJUDICE** |

INTRODUCTION

On July 10, 2019, Ivan M. Lee and Natasha L. Lee ("Plaintiffs") filed a complaint to prevent a trustee foreclosure referencing the Homeowner Bill of Rights and alleging statutory and common law fraud against Select Portfolio Servicing, Inc., First American Title Insurance Company, Bank of America N.A., and Otay Ranch Three Community Association (hereinafter collectively "Defendants"). *Doc. No.* 1. Plaintiffs, proceeding *pro se*, also filed a motion for *in forma pauperis* ("IFP"). *Doc. No.* 2. After review of the pleadings and for the reasons set forth below, the Court (1) **DENIES** Plaintiffs' motion to proceed IFP, and (2) **DISMISSES** the complaint without prejudice.

1

# DISCUSSION

## I. Plaintiffs' IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). See *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee. See 28 U.S.C. § 1915(a).

Here, Plaintiffs submit one affidavit, presumably combining both of their financial resources. *See Doc. No*. 2. However, the Court must make an assessment on an individual basis after review of each person's specific financial circumstances. Therefore, Plaintiffs must either submit separate affidavits or indicate the amount designated for each Plaintiff per category. Further, Plaintiffs' submit an incomplete affidavit. The fields which request the applicant to estimate the average monthly expenses for themselves and their family are blank. The instructions require the applicant to "complete all questions." *Id*. Without a complete affidavit, the Court is unable to determine each Plaintiff's ability or inability to pay the statutory filing fee. Accordingly, the Court **DENIES** Plaintiffs' motion for leave to proceed IFP.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Legal Standard

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma pauperis* provisions make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure ("*Fed. R. Civ. P.*") 4(c)(2). *Lopez*, 203 F.3d at 1127.

Rule 12(b)(6) tests the sufficiency of the complaint. *Fed. R. Civ. P.* 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. R*obertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. Insufficiency of Plaintiffs' Allegations**

As currently plead, Plaintiffs' complaint fails to state a claim upon which relief may be granted. Plaintiffs state generally that Defendants were engaged in mortgage fraud , "foreclosure fraud," common law fraud, and various violations of the homeowner's bill of

rights. The complaint makes only conclusory statements without any factual basis for the "court to draw a reasonable inference that defendant[s] are liable for the misconduct alleged." *Moss*, 572 F. 3d at 969.

In addition, because Plaintiffs allege fraud, their fraud-based claims must be specific enough to give defendants notice of the particular misconduct so that they may prepare a defense. *See Screen Capital Int'l Corp. v. Library Asset Acquisition Co.*, 510 B.R. 266, 274 (C.D. Cal. 2014). Plaintiffs' Complaint fails to allege the specific actions each defendant took that would constitute unlawful conduct or provide "details on the specific misrepresentation involved in the fraudulent scheme." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1157 (E.D. Cal. 2010). These facts must be adequately alleged for Defendants to properly defend against the action.

Therefore, the Court finds that the Complaint fails to meet standard pleading requirements under *Fed. R. Civ. P.* Rule 8, much less the heightened pleading requirements under *Fed. R. Civ. P.* Rule 9. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a) is **DENIED** without prejudice.
2. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and
3. Plaintiffs are GRANTED forty-five (45) days from the filing date of this Order to file an amended Complaint which cures all the deficiencies described herein and; either pay the filing fee or file new motions to proceed *in forma pauperis* in accordance with this Order.

DATED:   November 4,  2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE